# EXHIBIT A

7006 0100 0001 2941 9839

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | Postmark Here |
| Certified Fee | 2.65 | |
| Return Receipt Fee (Endorsement Required) | 2.15 | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent T
Street, or PO
City, S

U.S. Department of Justice
Drug Enforcement Administration
Office of Chief Counsel – CCL
2401 Jefferson-Davis Highway
Alexandria, VA 22301

PS Fo... ...structions

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of Rhode Island

BRENDA BAILLARGEON

V.

DRUG ENFORCEMENT ADMIN.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 07-271S

TO: (Name and address of Defendant)

UNITED STATES DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION
2401 JEFFERSON DAVIS HIGHWAY
ALEXANDRIA, VA 22301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

JEFFREY D. SOWA, ESQUIRE #5764
LAPLANTE SOWA GOLDMAN
67 CEDAR STREET
PROVIDENCE, RI 02903
TEL: (401) 273-0200
FAX (401) 273-0250

an answer to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE 8/9/07

(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant. Place where served: ______________________________

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: ______________________________

☐ Returned unexecuted: ______________________________

☐ Other (specify): ______________________________

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ______________ 
Date

______________________________
Signature of Server

______________________________
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**United States District Court**
**For the District of Rhode Island**

| | | |
|---|---|---|
| BRENDA BAILLARGEON,<br>Plaintiff,<br><br>v.<br><br>DRUG ENFORCEMENT ADMINISTRATION, XYZ CORPORATION, JOHN DOE I, JOHN DOE II, and JOHN DOE III,<br>Defendants. | : | C.A. No.: 07-271S |

**Complaint**

**Parties and Jurisdiction**

1. Plaintiff Brenda Baillargeon, ("Plaintiff") is a resident of the Town of North Smithfield, County of Providence, State of Rhode Island and a citizen of the United States.

2. Upon information and belief, Defendant Drug Enforcement Administration and/or its agents is a Federal Agency of the United States Department of Justice and at all times material hereto, conducted business in the State of Rhode Island.

3. Upon information and belief, Defendant XYZ Corporation is a Federal Agency of the United States Department of Justice and at all times material hereto, conducted business in the State of Rhode Island.

4. Upon information and belief, Defendant John Doe I is an employee and/or agent of Defendants Drug Enforcement Administration and/or XYZ Corporation.

5. Upon information and belief, Defendant John Doe II is an employee and/or agent of Defendants Drug Enforcement Administration and/or XYZ Corporation.

6. Upon information and belief, Defendant John Doe III is an employee and/or agent of Defendants Drug Enforcement Administration and/or XYZ Corporation.

7. All Defendants shall hereinafter be collectively referred to as "Defendants."

8. On or about January 31, 2007, Plaintiff submitted her claim to Defendant Drug Enforcement Administration pursuant to 28 U.S.C. § 2675(a).

9. On or about April 2, 2007, Defendant Drug Enforcement Administration denied Plaintiff's claims pursuant to 28 U.S.C. § 2675(a).

10. Plaintiff has exhausted all applicable administrative remedies.

11. This action includes a claim to redress the deprivation of Plaintiff's civil rights by Defendants.

12. Jurisdiction is appropriate and should be invoked pursuant to 28 U.S.C. § 1343(a)(3) and 1343(a)(4).

13. Plaintiff is further seeking damages from Defendants pursuant to the laws of this state providing liability for tortious conduct, and State and Federal claims set forth hereinafter derive from a common nucleus of operative fact making the exercise of supplemental jurisdiction proper pursuant to 28 U.S.C. § 1367(a).

**Facts**

14. Plaintiff repeats, realleges and incorporates by reference herein each and every allegation herein pleaded.

15. On or about October 1, 2004, Forfeiture Support Associates ("FSA") hired Plaintiff as an Asset Forfeiture Specialist.

16. Plaintiff was assigned to work in the capacity of an Asset Forfeiture Specialist for Defendants, at its Warwick, Rhode Island office, pursuant to a contract entered into between Defendants and FSA.

17. Plaintiff was required to obtain a "DEA Sensitive" security clearance ("Security Clearance") in order to perform her duties at Defendants' office.

18. Defendants, in fact, granted Plaintiff the appropriate Security Clearance.

19. On or about February 4, 2005, Defendants revoked Plaintiff's Security Clearance.

20. Plaintiff was provided no notice as to the basis of the decision nor offered an opportunity to be heard regarding the merits of the revocation of her Security Clearance.

21. As a result of Defendants' revocation of Plaintiff's Security Clearance, Plaintiff was unable to continue her employment in the capacity of an Asset Forfeiture Specialist for Defendants, and therefore, was terminated from FSA; Plaintiff was not offered other comparable employment by FSA; and Plaintiff was unable to procure other employment as an Asset Forfeiture Specialist.

22. Plaintiff enjoys no adequate remedy under Rhode Island State Law.

**Count I - Deprivation of Rights Under 42 U.S.C. § 1983.**
**(Procedural Due Process)**

23. Plaintiff repeats, realleges and incorporates by reference herein each and every allegation herein pleaded.

24. At all times material hereto, Plaintiff was vested with a property interest in her continued employment with FSA.

25. At all times material hereto, Plaintiff enjoyed a liberty interest in her good name and reputation.

26. The pre-deprivation process afforded Plaintiff, if any, was constitutionally inadequate.

27. The post-deprivation process afforded Plaintiff, if any, was constitutionally inadequate.

28. At all times material hereto, Defendants failed to notify Plaintiff of the basis for the revocation of her Security Clearance and of the revocation itself.

29. At all times material hereto, Defendants deprived Plaintiff of her due process rights to a meaningful opportunity to be heard.

30. As a result of the actions and/or inactions of Defendants, Plaintiff was deprived of her civil rights, and/or due process rights, procedurally, for reasons including, but not limited to, (1) failing to notify and/or inform Plaintiff of the details and circumstances of any complaints, prior to the revocation of Plaintiff's Security Clearance; (2) failing to afford Plaintiff any opportunity to rebut the purported allegations; (3) failing to afford a meaningful opportunity to be heard prior to the revocation of Plaintiff's Security Clearance; and (4) failing to afford a meaningful opportunity to be heard subsequent to the revocation of Plaintiff's Security Clearance.

31. By reason of the wrongful actions of Defendants as aforesaid, Plaintiff has suffered, and continues to suffer, severe damages.

32. Plaintiff has no adequate state remedy under Rhode Island State Law.

33. The above-stated actions, and/or inactions, and/or failure to act, by Defendants were of such malice, wantonness and/or willfulness and of such an extreme

nature, which for the good of society and as a warning to individuals ought to be punished by an award of punitive damages to Plaintiff.

34. Defendants' conduct requires deterrence and punishment over and above that provided by an award of compensatory damages to Plaintiff.

WHEREFORE, Plaintiff requests judgment against Defendants including, but not limited to, compensatory damages, statutory interest, attorney's fees, and such further relief as the Court deems just and proper.

**Count II - Intentional Infliction of Emotional Distress**

35. Plaintiff repeats, realleges and incorporates by reference herein each and every allegation heretofore pleaded.

36. Defendants knew or should have known that their actions including, but not limited to, revoking Plaintiff's Security Clearance would likely result in damage to her present and future employment, health and reputation.

37. Defendants acted recklessly, willfully and wantonly, in deliberate disregard of a high degree of probability that Plaintiff would suffer emotional distress after having her Security Clearance revoked and being dismissed from her livelihood as an Asset Forfeiture Specialist.

38. Defendants' conduct was extreme and outrageous.

39. As a direct and proximate cause of the wrongful acts of Defendants, Plaintiff has suffered severe emotional distress, humiliation, mental anguish, physical manifestations, and other physical damages.

40. The above-stated actions, and/or inactions, and/or failure to act, by Defendants were of such malice, wantonness and/or willfulness and of such an extreme

nature, which for the good of society and as a warning to individuals ought to be punished by an award of punitive damages to Plaintiff.

41. Defendants' conduct requires deterrence and punishment over and above that provided by an award of compensatory damages to Plaintiff.

WHEREFORE, Plaintiff requests judgment against Defendants including, but not limited to, compensatory damages, statutory interest, attorney's fees, and such further relief as the Court deems just and proper.

**Count III – Negligent Infliction of Emotional Distress**

42. Plaintiff repeats, realleges and incorporates by reference herein each and every allegation herein pleaded.

43. Defendants acted negligently, by among other things, failing to adequately investigate the allegations against Plaintiff, revoking Plaintiff's Security Clearance, and failing to provide Plaintiff with notice and an opportunity to be heard with respect to revoking her Security Clearance.

44. As a result of Defendants' negligence, Plaintiff has suffered severe emotional distress, humiliation, mental anguish, physical manifestations, and other physical damages.

45. The above-stated actions, and/or inactions, and/or failure to act, by Defendants were of such malice, wantonness and/or willfulness and of such an extreme nature, which for the good of society and as a warning to individuals ought to be punished by an award of punitive damages to Plaintiff.

46. Defendants' conduct requires deterrence and punishment over and above that provided by an award of compensatory damages to Plaintiff.

WHEREFORE, Plaintiff requests judgment against Defendants but not limited to, compensatory damages, statutory interest, attorney's fees, and such further relief as the Court deems just and proper.

**COUNT IV - Tortious Interference with Contractual Relations**

47. Plaintiff repeats, realleges and incorporates by reference herein each and every allegation herein pleaded.

48. Plaintiff enjoyed a contract of employment with FSA.

49. Defendants knew, or should have known, of said contractual relationship.

50. The intentional and/or negligent acts of Defendants, including, but not limited to, revoking Plaintiff's Security Clearance, were a direct and proximate cause of Plaintiff's resulting damages, including, but not limited to, Plaintiff's loss of her livelihood and emotional distress.

51. As a direct and proximate result of Defendants' actions and/or inactions, Plaintiff has suffered, and continues to suffer, severe damages for which the aforesaid interference is a factual and legal cause.

52. The above-stated actions, and/or inactions, and/or failure to act, by Defendants were of such malice, wantonness and/or willfulness and of such an extreme nature, which for the good of society and as a warning to individuals ought to be punished by an award of punitive damages to Plaintiff.

53. Defendants' conduct requires deterrence and punishment over and above that provided by an award of compensatory damages to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendants on each and every Count in Plaintiff's Complaint;

1. Monetary damages and compensatory damages for any and all injuries sustained by Plaintiff;

2. Punitive damages against Defendants;

3. Any and all equitable relief deemed meet and just by this Honorable Court;

4. Such alternative or additional relief as this Court deems just and proper; and

5. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and pre-judgment and post-judgment interest as allowed by law.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

Plaintiff,
Brenda Baillargeon,
By her Attorneys,

Jeffrey D. Sowa, Esq./#5764
Michael J. Jacobs, Esq./#7480
LaPlante Sowa Goldman
67 Cedar Street
Providence, RI 02903
(401) 273-0200 (telephone)
(401) 273-0250 (facsimile)

Dated: 7/18/07