IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BRENDA BAILLARGEON<br>Plaintiff<br><br>v.<br><br>DRUG ENFORCEMENT ADMINISTRATION, XYZ CORPORATION, JOHN DOE I, JOHN DOE II, and JOHN DOE III,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CA 07-271S |

**DEFENDANT UNITED STATES DRUG ENFORCEMENT ADMINISTRATION'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM**

Defendant United States Drug Enforcement Administration, by and through its counsel, Robert Clark Corrente, United States Attorney for the District of Rhode Island, and Richard Myrus, Assistant U.S. Attorney, moves for dismissal of all Counts off the Complaint. The bases for the Drug Enforcement Administration's motion are detailed in the accompanying memorandum of law filed herewith.

Respectfully submitted,

UNITED STATES DRUG ENFORCEMENT ADMINISTRATION

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Richard B. Myrus
RICHARD B . MYRUS
Assistant U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th FL
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: richard.myrus@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of December, 2007, I electronically filed the within Defendant's Motion to Dismiss with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Jeffrey D. Sowa, Esq.
Michael J. Jacobs, Esq.
LaPlante Sowa Goldman
67 Cedar Street
Providence, RI 02903

/s/ Richard B. Myrus
RICHARD B. MYRUS
Assistant U.S. Attorney

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BRENDA BAILLARGEON,<br>Plaintiff<br><br>v.<br><br>DRUG ENFORCEMENT ADMINISTRATION,<br>XYZ CORPORATION, JOHN DOE I, JOHN<br>DOE II, and JOHN DOE III,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CA 07-271S |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT UNITED STATES DRUG ENFORCEMENT ADMINISTRATION'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM**

## I. INTRODUCTION

In her four-count Complaint, Plaintiff Brenda Baillargeon, a former employee of the government contractor Forfeiture Support Associates ("FSA"), alleges that the United States Drug Enforcement Administration ("DEA") violated her constitutional right to procedural due process when the DEA terminated her DEA security clearance. Plaintiff also alleges that the DEA intentionally and negligently inflicted emotional distress and tortiously interfered with her contractual relations.

Plaintiff's constitutional claim, which is based on 42 U.S.C. § 1983, fails because:

(1) neither the United States nor its agencies has waived sovereign immunity for constitutional torts;

(2) section 1983 does not provide a remedy for the deprivation of federal rights by a defendant, such as the DEA, acting under color of federal law; and

(3) plaintiff has not alleged a constitutionally protected right to access DEA sensitive materials.

Plaintiff's state-law tort claims are also deficient. They fail on jurisdictional grounds because:

(1) plaintiff's Complaint does not name the United States as a defendant;

(2) the alleged revocation of plaintiff's DEA clearance fell within the discretionary function exception to the Federal Tort Claims Act's waiver of sovereign immunity; and

(3) the United States has not waived sovereign immunity for torts arising from interference with contract rights.

In addition, plaintiff's causes of action for intentional and negligent infliction of emotional distress fail to state a claim. With respect to Count II – intentional infliction of emotional distress – plaintiff has alleged no facts to support her conclusory allegation that the DEA's actions regarding her clearance were extreme and outrageous. With respect to Count III – negligent infliction of emotional distress – plaintiff cannot prevail because she alleges neither that she was physically endangered by the DEA's actions nor that she suffered emotional harm as a consequence of witnessing the wrongful infliction of injury upon a third party.

Last, plaintiff's claim for tortious interference with contract is substantively flawed. Specifically, Count IV fails because plaintiff has not alleged that the DEA acted without justification, as the legal malice element of that tort requires.

## II. FACTUAL BACKGROUND

FSA is a contractor that provides support services to the United States Department of Justice (DOJ) and its agencies in connection with DOJ's Asset Forfeiture Program. (Contract DJJ-04-C-0980, attached as Ex. 1 to the Declaration of Susan D. Ashcraft ("Ashcraft Decl.") dated Dec. 7, 2007; see Ashcraft Decl. ¶ 2).[1]

Contract DJJ-04-C-0980 ("FSA Contract"), governs the services furnished by FSA and

[1] The two exhibits cited herein are attached to the Declaration of Susan D. Ashcraft submitted in support of the DEA's motion.

expressly provides:

> The Government reserves the right to require the Contractor to reassign from this contract any Contractor employee(s) who is deemed incompetent, careless, unsuitable or otherwise objectionable, or whose continued use under the contract is deemed contrary to the best interests of the Government.

(Ex. 1, at § C.1.5.3).

The contract also provides that work to be performed under the contract will involve access to sensitive, but unclassified, materials, such as Grand Jury information, informant and witness information, investigative files, and tax data. (Id. at § H.18(a)(1)). The contract sets forth security clearance requirements for FSA employees who will have access to DEA sensitive materials. (Id.).

On October 1, 2004, FSA hired plaintiff to fill an Asset Forfeiture Specialist (Records Examiner II) position in the DEA's Providence Resident Office.[2] (Compl. ¶ 15). Plaintiff was not an employee of the DEA. (Ashcraft Decl.¶ 3).

At the behest of the DEA's Office of Professional Responsibility, the DEA's New England Field Division conducted an investigation into allegations that plaintiff had falsified her time and attendance records. (Ashcraft Decl.¶ 4; Letter from Ashcraft to Ferrell dated Feb. 4,

---

[2] In reciting plaintiff's allegations, the DEA in no way concedes their veracity. In addition, matters outside the pleadings can be presented and considered by the court in ruling upon a motion to dismiss for lack of subject matter jurisdiction. See Gonzales v. United States, 284 F.3d 281, 288 (1st Cir. 2002); Dynamic Image Techs, Inc. v. United States, 221 F.3d 34, 37 (1st Cir. 2000). Moreover, even if this were solely a motion to dismiss for failure to state a claim, the Court could consider the documents cited herein without converting the instant motion to a motion for summary judgment. "[D]ocuments the authenticity of which are not disputed by the parties; . . . official records; . . . documents central to plaintiffs' claim; or . . . documents sufficiently referred to in the complaint," are not matters outside of the pleadings such as to require conversion of a motion into a summary judgment motion. Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (emphasis added)).

2005, attached as Ex. 2 to Ashcraft Decl.). As a result of this investigation, the New England Field Division recommended to Susan Ashcraft, chief of the Operations Management Division of the DEA's Asset Forfeiture Section, that plaintiff be removed because of time and attendance issues. (Ashcraft Decl.¶ 4.) Consistent with the terms of the FSA Contract, Ashcraft subsequently informed FSA of the DEA's concerns and requested that FSA remove plaintiff from her position in the DEA's Providence office. (Ex. 2; Ashcraft Decl.¶ 5). Because plaintiff was to be removed from her contract position, the DEA also advised FSA that plaintiff's clearance for access to DEA sensitive materials and the DEA facility would be revoked. (Letter from Ashcraft to Ferrel, dated Feb. 2, 2005; Ashcraft Decl.¶ 6).

On January 31, 2007, plaintiff submitted an administrative claim to the DEA challenging the revocation of her security clearance, and the DEA denied this claim on April 2, 2007. (Compl. ¶¶ 8-9).

The plaintiff subsequently filed her Complaint in the instant action, naming only the Drug Enforcement Administration, XYZ Corporation, and three John Doe defendants.

## III. <u>ARGUMENT</u>

### A. <u>Motion To Dismiss Standard</u>

The DEA moves to dismiss plaintiff's claims based on a lack of subject matter jurisdiction and failure to state a claim. Once subject matter jurisdiction has been challenged, it is the plaintiff's burden to establish, by competent proof, that jurisdiction in fact exists. <u>Pejepscot Indus. Park, Inc. v. Maine Cent. R.R. Co.</u>, 215 F.3d 195, 200 (1st Cir. 2000); <u>Bank One Texas, N.A. v. Montle</u>, 964 F.2d 48, 50 (1st Cir. 1992). "No presumption of truthfulness attaches to the [plaintiff's] allegations [of jurisdiction]." <u>Media Duplication Servs. Ltd. v. HDG Software, Inc.</u>, 928 F.2d 1228, 1235 (1st Cir. 1991). Moreover, matters outside the pleadings can be presented

and considered by the court in ruling upon a motion to dismiss for lack of subject matter jurisdiction. Gonzalez, 284 F.3d at 288; Dynamic Image Techs. Inc. v. United States, 221 F.3d 34, 37(1st Cir. 2000).

In addition, the DEA moves to dismiss all Counts of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The standard by which a court determines whether to grant a Rule 12(b)(6) motion is well-established. In determining whether the plaintiff can survive a Rule 12(b)(6) motion, a court must accept as true all "well-pleaded" factual allegations in the Complaint. Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996). The court, however, may "eschew any reliance on bald assertions, unsupportable conclusions and opprobrious epithets." Chongris v. Board of Appeals of Town of Andover, 811 F.2d 36, 37 (1st Cir. 1987) (internal quotations omitted).

**B. Plaintiff's Section 1983 Claim Fails As a Matter of Law.**

Count I of plaintiff's Complaint, which alleges that she was denied procedural due process when the DEA purportedly terminated her clearance, should be dismissed for three reasons: (1) the DEA is immune from suit for constitutional torts; (2) section 1983, upon which plaintiff relies, does not provide a cause of action against defendants who act under color of federal law; and (3) plaintiff has no constitutionally protected right to access DEA sensitive materials.

**1. The United States and Its Agencies Are Immune from Liability for Constitutional Torts.**

A suit against a federal agency is a suit against the United States. See Hines v. Irvington Counselling Ctr., 933 F. Supp. 382, 388 (D.N.J 1996) ("because the plaintiff here has sued the SSA [Social Security Administration], a Federal agency, and the SSA employees in their official capacities, this case must actually be considered a suit against the United States and sovereign immunity applies"); Daly v. Department of Energy, 741 F. Supp. 202, 204 (D. Colo. 1990) ("suit

against a federal agency is deemed to be a suit against the United States"); see also Clegg v. United States Treasury Dept., 70 F.R.D. 486, 488 (D. Mass. 1976) ("to sue a federal agency in its own name, Congressional consent must clearly be found"). Under the doctrine of sovereign immunity, "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983).

The United States has not waived sovereign immunity for constitutional torts. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971) (recognizing an implied cause of action only against federal actors in their individual capacities) ; Clemente v. United States, 766 F.2d 1358, 1363 (9th Cir. 1985) (constitutional tort claim improper against the United States). Neither a section 1983 action nor a Bivens claim is cognizable against the United States or an agency of the federal government. See F.D.I.C. v. Meyer, 510 U.S. 471, 484 (1994); Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) ("It is well settled that a Bivens action will not lie against an agency of the federal government."); Behre v. United States, 659 F. Supp. 747, 750 (D.N.H. 1987) ("There is no express waiver of the federal government's sovereign immunity so as to permit these claims to be maintained."). Therefore, the Court lacks subject matter jurisdiction over the DEA, and Count I should be dismissed.

**2. Section 1983 Does Not Provide a Cause of Action Against Defendants Acting Under Color of Federal Law.**

Plaintiff identifies 42 U.S.C. § 1983 as the jurisdictional basis for Count I of her Complaint. (See Compl. at 3). Section 1983, however, provides redress for the violation of an individual's federal rights by a person "acting under the color of state law." 42 U.S.C. § 1983. Section 1983 does not afford a cause of action against a person acting under the color of federal

law.[3] Chatman v. Hernandez, 805 F.2d 453, 455 (1st Cir. 1986). A plaintiff may only bring such claims as a Bivens action against individual defendants acting in their personal capacities. See Bivens, 403 U.S. at 397; Day v. Mass. Air Nat'l Guard, 167 F.3d 678, 682 (1st Cir. 1999) (Bivens doctrine "gives individuals federal tort claims against government officials for constitutional violations.").

Plaintiff does not allege in Count I that any defendant acted under color of state law. The constitutional violation that plaintiff asserts in Count I relates to the DEA's alleged revocation of her security clearance. (Compl. ¶¶ 28-30). As plaintiff acknowledges, the DEA is a component of the Department of Justice, (Compl. ¶ 2), and operates under the color of federal, not state, authority. Accordingly, plaintiff has failed to plead a cognizable claim under 42 U.S.C. § 1983, and Count I should be dismissed. See Chatman, 805 F.2d at 455 (affirming dismissal of claims brought under 42 U.S.C. § 1983 because claim was brought against person acting under color of federal law).

### 3. Plaintiff Has No Constitutionally Protected Interest in Access to DEA Sensitive Materials.

Count I alleges that defendants deprived plaintiff of procedural due process when they revoked her DEA security clearance.[4] (Compl. ¶ ¶ 28-30). The protection of procedural due process, however, extends only to established and recognized property or liberty interests. Centro Medico del Turabo, Inc. v. Felicaino de Melico, 406 F.3d 1, 7 (1st Cir. 2005) ("To the extent they

[3] A plaintiff may bring a section 1983 action against a federal official if the federal official acts in a conspiracy with a state actor to deprive the plaintiff of his or her federal rights. See Redondo-Borges v. U.S. Dep't of Housing & Urban Dev., 421 F.3d 1, 6 (1st Cir. 2005). There are no allegations of such a conspiracy here.

[4] Plaintiff had a DEA clearance to access only sensitive, unclassified, DEA information. She did not possess a national security clearance for access to classified information. (See Compl. ¶ 17; Ex. 1, at § H.18(a)(1)).

hope to maintain a procedural due process claim, they must first point to a protected liberty of property interest."); Setliff v. Memorial Hosp. of Sheridan County, 850 F.2d 1384, 1394 (10th Cir. 1988) (citing Board of Regents v. Roth, 408 U.S. 564, 569 (1972)). Due process guarantees do not apply to all deprivations, and not every determination to withdraw a privilege requires notice and a hearing. Cafeteria & Restaurant Workers Union v. McElroy, 367 U.S. 886, 894-95 (1961); see Williams v. Reilly, 743 F. Supp. 168, 172 (S.D.N.Y. 1990) ("Since plaintiff had no property interest in his clearance, and no liberty interest implicated by its revocation, there is no basis for his allegation of a due process violation.").

In order to properly assert a procedural due process claim, plaintiff must allege that she had a cognizable property or liberty interest and that the DEA deprived her of that interest without adequate process. See Mercado-Alicea v. P.R. Tourism Co., 396 F.3d 46, 53 (1st Cir. 2005). Plaintiff, however, fails to allege that she had a protected property (or liberty interest) in a DEA clearance, and this failure is fatal to her claim that she was denied procedural due process with respect to the DEA clearance.[5] See Montalvado-Padilla, 492 F. Supp. 2d at 41 ("Plaintiff has not alleged a protected property interest"); Narragansett Pellet Corp. v. City of East Providence ex rel. Fitzgerald, 2007 WL 2821538, at * 3-4 (D.R.I. Sept. 25, 2007) (no property interest in a certificate of occupancy).

[5] Plaintiff was an employee of FSA and not the DEA. (Compl. ¶ 15). Plaintiff asserts that she had a property interest in her employment with FSA, but she alleges no facts in support of this conclusory assertion. (Compl. ¶ 24); Marrero-Gutierrez v. Molina, 491 F.3d 1, 8 (1st Cir. 2007) ("To establish a constitutionally protected property interest in employment, a plaintiff must demonstrate that she has a legally-recognized expectation that she will retain her position."); Montalvado-Padilla v. University of P.R., 492 F. Supp. 2d 36, 41 (D.P.R. 2007) ("merely alleging that [plaintiff] held a position of counselor does not implicitly establish a protected property interest over her employment"). Moreover, plaintiff does not allege that she possessed any protected interest in a position with the DEA under the FSA Contract or that the DEA failed to afford her adequate process when the DEA concluded that she should be removed from that position.

In Department of Navy v. Egan, the United States Supreme Court observed that the grant of a security clearance requires an affirmative act of discretion, and the Court made clear that no employee has a "right" to a national security clearance or access to classified information. Department of Navy v. Egan, 484 U.S. 518, 528 (1988). The logic of Egan's conclusion regarding a national security clearance applies where, as here, a DEA clearance for access to sensitive information is at issue. Plaintiff, who was an employee of FSA, can point to no authority for the proposition that she had a property or liberty interest in access to DEA sensitive information. Therefore, the alleged revocation of her DEA clearance does not implicate procedural due process concerns. See Jones v. Dep't of the Navy, 978 F.2d 1223, 1225 (Fed. Cir. 1992) ("the petitioners did not have a liberty of property interest in access to classified information").

**C. Plaintiff's State Law Tort Claims Fail As a Matter of Law.**

**1. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Tort Claims.**

The Court lacks subject matter jurisdiction over plaintiff's tort claims because: (a) plaintiff's Complaint fails to name the United States as a defendant; (b) the termination of plaintiff's DEA clearance was the result of her removal under the FSA Contract and fell within the discretionary function exception to the Federal Tort Claims Act's waiver of sovereign immunity; and ( c) the United States has not waived sovereign immunity for torts arising from interference with contract rights.

**a. Plaintiff's Complaint Fails To Name the United States As Defendant.**

The Federal Tort Claims Act ("FTCA") waives the sovereign immunity of the United States with respect to certain tort claims, see 28 U.S.C. § 1346(b) et seq., and provides the exclusive remedy to compensate for a federal employee's tortious acts committed within his or

her scope of employment. See 28 U.S.C. § 2679. To bring a tort claim against the United States under the FTCA, a claimant must file an administrative claim with the appropriate federal agency within two years of the accrual of the claim and then file a tort claim against the United States within six months after denial of that claim by the administrative agency. See 28 U.S.C. §§ 2401(b), 2675. In addition, the FTCA requires that the named defendant in an FTCA action be the United States and not a federal agency. 28 U.S.C. §§ 1346(b), 2674, 2679(a). This requirement is jurisdictional in nature and is not waivable. See Roman v. Townsend, 224 F.3d 24, 27-28 (1st Cir. 2000); Allgeier v. United States, 909 F.2d 869, 871 (6th Cir. 1990); Barros-Villahermosa v. United States, 2007 WL 4149805, at *4 (D.P.R. Nov. 19, 2007) ("defendants are correct that the United States is the only allowable party defendant under the FTCA").

Here, plaintiff has failed to name the United States as a defendant within six months following the April 2, 2007 denial of her administrative claim. Because the United States is the only proper defendant in a suit alleging tortious conduct by a federal employee, the Court lacks jurisdiction over plaintiff's tort claims. 28 U.S.C. 2679(b); see Allgeier, 909 F.2d at 871.

**b. The Discretionary Function Exception Bars Plaintiff's Tort Claims.**

Even if plaintiff were to name the United States as a defendant, the Court would still lack subject matter jurisdiction over plaintiff's tort claims. The FTCA waives sovereign immunity from certain torts committed by federal employees, but also contains exceptions to this waiver. Specifically, the FTCA excludes from the waiver of sovereign immunity claims based on "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

Courts apply a two-pronged test to determine the application of the discretionary function

exception. First, a court must consider whether the conduct in question is a matter of choice for the acting employee. Second, the court must determine whether the employee's judgment is the type that the discretionary function is designed to shield. Berkovitz v. United States, 486 U.S. 531, 537 (1988). The exception protects government action that is based on public-policy considerations and goals. See United States v. Gaubert, 499 U.S. 315, 322 (1991). In undertaking this evaluation, the Supreme Court has urged courts to bear in mind that the discretionary function exception was intended to prevent second-guessing of legislative and administrative decisions grounded in social, economic, and political policy. Berkovitz, 486 U.S. at 537.

Congress has granted to executive agencies, including the Department of Justice, the discretion to prescribe reasonable rules and regulations governing the procurement of goods and services on behalf of the federal government. See e.g. 41 U.S.C. §§ 403, 404. In order to maintain consistency in federal government procurement practices, the administrator of the Office of Procurement Policy promulgated the Federal Acquisition Regulations, 48 C.F.R. § 1.000 et seq. ("FARs"), which broadly outline policies for the acquisition of goods and services. The regulations reserve broad authority for procurement officials to make decisions based on their "discretion and sound professional judgment." Id. §1.102-2(c)(3). The regulations further provide that agency contracting officers may be delegated the authority to enter into and terminate contracts. Id. § 1.602-1.

Consistent with this framework, the DOJ entered into the FSA Contract pursuant to which FSA provides services in support of DOJ's Asset Forfeiture Program. The FSA Contract describes the public-policy significance of the Asset Forfeiture Program:

> The Department of Justice's Asset Forfeiture Program is a nationwide law enforcement program that has proven to be an effective and powerful strategy in

> the fight against crime. The primary mission of the Asset Forfeiture Program is to employ asset forfeiture powers in a manner that enhances public safety and security. This is accomplished by removing the proceeds of crime and other assets relied upon by criminals and their associates to perpetuate their criminal activity against society.

(Ex. 1, at § C.1.2(b)).

As to the first prong of the discretionary function exception, the DEA's actions regarding plaintiff were the result of a discretionary employment determination that the DEA made pursuant to the FSA Contract. (Ashcraft Decl. ¶ 5-6). The FSA Contract expressly provides, among other things, that the DEA is entitled to request that FSA remove any contract worker "whose continued use under the contract is deemed contrary to the best interests of the Government." (Ex. 1, at § C.1.5.3). Following an investigation, the DEA, in the exercise of its contractual authority, concluded that plaintiff should be removed, and plaintiff lost her DEA clearance as a consequence of her removal. (Ex. 2; Ashcraft Decl.¶¶ 4-6).

As to the discretionary function exception's second prong, there is a presumption that in exercising the discretion accorded to it, the government's actions are grounded "in policy." Gaubert, 499 U.S. at 324-25; Kirchmann v. United States, 8 F.3d 1273 (8th Cir. 1993). Here, the DEA's supervision of FSA workers and the DEA's conclusion to remove plaintiff, which resulted in the termination of her DEA clearance, are susceptible to policy analysis. The DEA's decision to remove plaintiff implicates policy considerations regarding the Asset Forfeiture Program's mission and the DEA's relationship with FSA . See Ex. 1, at § C.1.(a )( c) ("key to operating an efficient and effective asset forfeiture program is the ability to deliver quality administrative support to the Program's investigative agencies . . . in a timely and cost effective manner."); Kelly v. United States, 241 F.3d 755, 762 (9th Cir. 2001) (decision affecting "agency's relationship with contractors" involves policy considerations). In addition, it is well settled that an agency's

employment practices have policy ramifications . See Burkhart v. Washington Mut. Area Transit Auth., 112 F.3d 1217, 1217 (D.C. Cir. 1997) (hiring and supervision are susceptible to policy judgment); LaBrecque v. L3 Communication Titan Corp., 2007 WL 1455850, at * 4 (D. Colo. May 16, 2007).

Courts have held that the supervision of a contractor's performance is inherently a discretionary function. Guile v. United States, 422 F.3d 221, 231(5th Cir. 2005). Moreover, "uniformly the federal circuit courts under the FTCA have found that employer decisions such as hiring, discipline, and termination of employees are within the discretionary function exception." Crete v. City of Lowell 418 F.3d 54, 64 (1st Cir. 2005); see Richman v. Straley, 48 F.3d 1139, 1146-47 (10th Cir. 1995). In LaBrecque, for example, the district court concluded that the United States Northern Command's decision to remove two employees of a contractor from their positions at a government facility was squarely within discretionary function exception. La Brecque, 2007 WL 1455850, at * 4 (D. Colo. May 16, 2007). Similarly, the DEA's request that FSA remove plaintiff, and the resulting termination of her DEA clearance, fall within the discretionary function exception of 28 U.S.C. § 2680(a).

### c. The FTCA's Intentional Tort Exception Excludes Tortious Interference with Contractual Relations from the Waiver of Sovereign Immunity.

Count IV of plaintiff's Complaint alleges tortious interference with contractual relations. The FTCA , however, explicitly excludes from the federal court's jurisdictional ambit "[a]ny claim arising out of . . . interference with contract rights." 28 U.S.C. § 2680(h). Therefore, count IV must be dismissed as to the DEA. See Vigeant v. United States, 462 F. Supp.2d 221, 225 n.8 (D.R.I. 2006); Gordon v. Gutierrez, 2006 WL 3760134, at *2 (E.D. Va. Dec. 14, 2006) ("These intentional tort claims may not proceed against the sovereign.").

2. **Plaintiff's State-Law Tort Causes of Action Fail To State a Claim.**

In evaluating a motion to dismiss under Federal Rule Civil Procedure 12(b)(6), courts take as true "the well pleaded facts as they appear in the complaint . . . ." Coyne v. City of Somerville, 972 F.2d 440, 442-43 (1st Cir. 1992). To survive a motion to dismiss, however, a complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." See Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n.2 (1st Cir.1996) ( quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.1988). Although a complaint need not recite detailed factual allegations, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Huertas-Gonzalez v. University of Puerto Rico, 2007 WL 3156261, at *3 (D.P.R. Oct. 23, 2007) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)).

a. **The Complaint Lacks any Factual Allegations to Support Plaintiff's Claim of Intentional Infliction of Emotional Distress.**

In Count II, plaintiff alleges intentional infliction of emotional distress by the defendants. To prevail on a claim for common law intentional infliction of emotional distress under Rhode Island law, a plaintiff must show "extreme and outrageous conduct on the part of the defendant."[6] Jalowy v. Friendly Home, Inc., 818 A.2d 698, 707 (R.I. 2003). Moreover, Rhode Island courts have adopted the "very high standard set forth in the Restatement (Second) Torts § 46 (1965)" with regard to the showing required to satisfy this element:

> Liability has been found only where the conduct has been so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

---

[6] For purposes of this motion, the DEA does not dispute plaintiff's assertion that Rhode Island law governs plaintiff's state-law tort claims. (See Compl. ¶ 13).

Id.

Plaintiff baldly alleges that defendants' conduct was "extreme and outrageous," (Compl. at ¶38), but the Complaint lacks any factual allegations to support this claim. Plaintiff has not alleged facts upon which a jury could conclude that the DEA's revocation of plaintiff's security clearance went "beyond the bounds of decency" and was "utterly intolerable in a civilized society." Jalowy, 818 A.2d at 707. Therefore, Count II should be dismissed. See Coxcom, Inc. v. Chafee, 2005 WL 2000969, at *3 (D.R.I. July 19, 2005) ("Even though Defendants found the experience to be unpleasant and inconvenient, they have not alleged sufficiently outrageous facts to state a cause of action for intentional infliction of emotional distress.").

**b. Plaintiff's Allegation of Negligent Infliction of Emotional Distress Fails To State a Claim.**

In Count III, plaintiff alleges negligent infliction of emotional distress by the defendants. The Rhode Island Supreme Court, however, has limited the reach of the tort of negligent infliction of emotional distress to cases in which: (1) the plaintiff, while within the zone of danger, was physically endangered by the acts of a defendant; or (2) the plaintiff can establish bystander liability. See Jalowy, 818 A.2d at 710; Marchetti v. Parsons, 638 A.2d 1047, 1049-52 (R.I. 1994). Bystander liability applies when the plaintiff has suffered emotional harm as a consequence of witnessing the defendant's wrongful infliction of injury upon a close relative of the plaintiff. See Marchetti, 638 A.2d at 1049-52.

Plaintiff alleges neither that she was physically endangered by the DEA's actions nor that she was a bystander who was harmed as a result of defendants' alleged infliction of harm upon a third party. Therefore, Count III fails as a matter of law.

**c. Plaintiff's Allegation of Tortious Interference Fails to State a Claim.**

Count IV alleges that the defendants tortiously interfered with plaintiff's contractual relationship with FSA. Under Rhode Island law, tortious interference with contract requires the aggrieved party to show "(1) the existence of a contract; (2) the alleged wrongdoer's knowledge of the contract; (3) his intentional interference; and (4) damages resulting therefrom." Belliveau Bldg. Corp. v. O'Coin, 763 A.2d 622 (R.I. 2000). In addition, to avoid a motion to dismiss, a plaintiff must adequately allege that the defendant acted with legal malice: "to establish a prima facie case of intentional interference with contract, aggrieved parties must allege and prove not only that the putative tortfeasor [ ] intended to do harm to the contract but that they did so without the benefit of any legally recognized privilege or other justification." Alfieri v. Koelle, 2007 WL 966745, at * 7 (D.R.I. 2007) (quoting Belliveau) (brackets in the original).

Count IV is deficient because plaintiff has not pled any facts that could support an allegation that the DEA acted with the requisite legal malice.

## III. CONCLUSION

For the foregoing reasons, the Court should dismiss plaintiff's Complaint against the DEA.

Respectfully submitted,

UNITED STATES DRUG ENFORCEMENT ADMINISTRATION

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Richard B. Myrus
RICHARD B . MYRUS
Assistant U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th FL
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: richard.myrus@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of December, 2007, I electronically filed the within Defendant's Motion to Dismiss with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Jeffrey D. Sowa, Esq.
Michael J. Jacobs, Esq.
LaPlante Sowa Goldman
67 Cedar Street
Providence, RI 02903