**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **BRENDA BAILLARGEON,**<br>**Plaintiff,**<br><br>**v.**<br><br>**DRUG ENFORCEMENT ADMINISTRATION,**<br>**SUSAN D. ASHCRAFT, in her individual capacity,**<br>**THE UNITED STATES OF AMERICA,**<br>**JOHN DOE II, in his individual capacity**<br>**and JOHN DOE III, in his individual capacity,**<br>**Defendants.** | : | **C.A. No.: 07-271S** |

## FIRST AMENDED COMPLAINT

### Parties and Jurisdiction

1. Plaintiff Brenda Baillargeon, ("Plaintiff") is a resident of the Town of North Smithfield, County of Providence, State of Rhode Island and a citizen of the United States.

2. Upon information and belief, Defendant Drug Enforcement Administration ("Defendant DEA") and/or its agents is a Federal Agency of the United States Department of Justice and at all times material hereto, conducted business in the State of Rhode Island.

3. Defendant The United States of America is sued pursuant to 28 U.S.C. § 2674.

4. Upon information and belief, Defendant Susan D. Ashcraft is Chief of the Asset Forfeiture Section, Operations Management Division and/or an agent of Defendant DEA. She is sued in her individual capacity.

5. Upon information and belief, Defendant John Doe II is an employee and/or agent of Defendant DEA. John Doe II is sued in his/her individual capacity.

6. Upon information and belief, Defendant John Doe III is an employee and/or agent of Defendants DEA. John Doe III is sued in his/her individual capacity.

7. All Defendants shall hereinafter be collectively referred to as "Defendants."

8. On or about January 31, 2007, Plaintiff submitted her claim to Defendant Drug Enforcement Administration pursuant to 28 U.S.C. § 2675(a).

9. On or about April 2, 2007, Defendant Drug Enforcement Administration denied Plaintiff's claims pursuant to 28 U.S.C. § 2675(a).

10. Plaintiff has exhausted all applicable administrative remedies.

11. This action includes a claim to redress the deprivation of Plaintiff's civil rights by Defendants.

12. Jurisdiction is appropriate and should be invoked under the Fifth Amendment to the United States Constitution; 28 U.S.C. § 1331; 5 U.S.C. § 701 et seq.; and pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

13. Plaintiff is further seeking damages from Defendants pursuant to the laws of this state providing liability for tortious conduct, and State and Federal claims set forth hereinafter derive from a common nucleus of operative fact making the exercise of supplemental jurisdiction proper pursuant to 28 U.S.C. § 1367(a).

**Facts**

14. Plaintiff repeats, realleges and incorporates by reference herein each and every allegation herein pleaded.

15. On or about October 1, 2004, Forfeiture Support Associates ("FSA") hired Plaintiff as an Asset Forfeiture Specialist.

16. Plaintiff was assigned to work in the capacity of an Asset Forfeiture Specialist for Defendants, at its Warwick, Rhode Island office, pursuant to a contract entered into between Defendants and FSA.

17. Plaintiff was required to obtain a "DEA Sensitive" security clearance ("Security Clearance") in order to perform her duties at Defendants' office.

18. Defendants, in fact, granted Plaintiff the appropriate Security Clearance.

19. On or about February 4, 2005, Defendants revoked Plaintiff's Security Clearance.

20. Plaintiff was provided no notice as to the basis of the decision nor offered an opportunity to be heard regarding the merits of the revocation of her Security Clearance.

21. As a result of Defendants' revocation of Plaintiff's Security Clearance, Plaintiff was unable to continue her employment in the capacity of an Asset Forfeiture Specialist for Defendants, and therefore, was terminated from FSA; Plaintiff was not offered other comparable employment by FSA; and Plaintiff was unable to procure other employment as an Asset Forfeiture Specialist.

22. As a result, Plaintiff was forced to leave her chosen profession in the asset forfeiture field and is currently employed as a paralegal.

23. Plaintiff enjoys no adequate remedy under Rhode Island State Law.

**Count I - Deprivation of Rights, Procedural Due Process**
**(Plaintiff v. Defendant DEA)**

24. Plaintiff repeats, realleges and incorporates by reference herein each and every allegation herein pleaded.

25. At all times material hereto, Plaintiff was vested with a property and/or liberty interest in her continued employment with FSA.

26. At all times material hereto, Plaintiff was vested with a property and/or liberty interest in her right to follow her chosen profession.

27. At all times material hereto, Plaintiff enjoyed a liberty interest in her good name and reputation.

28. The pre-deprivation process afforded Plaintiff, if any, was constitutionally inadequate.

29. The post-deprivation process afforded Plaintiff, if any, was constitutionally inadequate.

30. At all times material hereto, Defendant DEA failed to notify Plaintiff of the basis for the revocation of her Security Clearance and of the revocation itself.

31. At all times material hereto, Defendant DEA deprived Plaintiff of her due process rights to a meaningful opportunity to be heard.

32. As a result of the actions and/or inactions of Defendant DEA, Plaintiff was deprived of her civil rights, and/or due process rights, procedurally, for reasons including,

but not limited to, (1) failing to notify and/or inform Plaintiff of the details and circumstances of any complaints, prior to the revocation of Plaintiff's Security Clearance; (2) failing to afford Plaintiff any opportunity to rebut the purported allegations; (3) failing to afford a meaningful opportunity to be heard prior to the revocation of Plaintiff's Security Clearance; and (4) failing to afford a meaningful opportunity to be heard subsequent to the revocation of Plaintiff's Security Clearance.

33. By reason of the wrongful actions of Defendant DEA as aforesaid, Plaintiff has suffered, and continues to suffer, severe damages.

34. Plaintiff has no adequate state remedy under Rhode Island State Law.

35. The above-stated actions, and/or inactions, and/or failure to act, by Defendant DEA was of such malice, wantonness and/or willfulness and of such an extreme nature, which for the good of society and as a warning to individuals ought to be punished by an award of punitive damages to Plaintiff.

36. Defendant DEA's conduct requires deterrence and punishment over and above that provided by an award of compensatory damages to Plaintiff.

WHEREFORE, Plaintiff requests judgment against Defendant DEA including, but not limited to, compensatory damages, and/or equitable relief including a hearing regarding the merits of Defendant's decision to revoke Plaintiff's security clearance and/or to clear Plaintiff's name, statutory interest, attorney's fees, and such further relief as the Court deems just and proper.

**Count II – Deprivation of Rights, Violation of Regulations and/or Procedures**
**(Plaintiff v. Defendant DEA)**

37. Plaintiff repearts, realleges and incorporates by reference herein each and every allegation herein pleaded.

38. Upon information and belief, Defendant DEA maintains regulations and procedures concerning the procedure with respect to the revocation of DEA Sensitive security clearances.

39. Upon information and belief, Defendant DEA failed to follow any of its regulations and/or procedures with respect to the revocation of Plaintiff's DEA Sensitive security clearance, which deprived Plaintiff of her constitutional due process rights, procedurally, for reasons including, but not limited to, (1) failing to notify and/or inform Plaintiff of the details and circumstances of any complaints, prior to the revocation of Plaintiff's Security Clearance; (2) failing to afford Plaintiff any opportunity to rebut the purported allegations; (3) failing to afford a meaningful opportunity to be heard prior to the revocation of Plaintiff's Security Clearance; and (4) failing to afford a meaningful opportunity to be heard subsequent to the revocation of Plaintiff's Security Clearance.

40. By reason of the wrongful actions of Defendant DEA as aforesaid, Plaintiff has suffered, and continues to suffer, severe damages as aforesaid.

41. The above-stated actions, and/or inactions, and/or failure to act, by Defendant DEA was of such malice, wantonness and/or willfulness and of such an extreme nature, which for the good of society and as a warning to individuals ought to be punished by an award of punitive damages to Plaintiff.

42. Defendant DEA's conduct requires deterrence and punishment over and above that provided by an award of compensatory damages to Plaintiff.

WHEREFORE, Plaintiff requests judgment against Defendant DEA including, but not limited to, compensatory damages, and/or equitable relief including a hearing regarding the merits of Defendant's decision to revoke Plaintiff's security clearance and/or to clear Plaintiff's name, statutory interest, attorney's fees, and such further relief as the Court deems just and proper.

**Count III – Deprivation of Rights, Procedural Due Process**
**(Plaintiff v. Defendant Ashcraft and John Doe Defendants)**

43. Plaintiff repeats, realleges and incorporates by reference herein each and every allegation herein pleaded.

44. On or about February 4, 2005, Defendant Ashcraft and/or John Doe Defendants caused Plaintiff's security clearance to be revoked.

45. At all times material hereto, Plaintiff was vested with a property and/or liberty interest in her continued employment with FSA and in her right to follow her chosen profession, and Plaintiff enjoyed a liberty interest in her good name and reputation.

46. Upon information and belief, Defendant Ashcraft and/or John Doe Defendants failed to provide Plaintiff with any pre-deprivation or post-deprivation process, which deprived Plaintiff of her constitutional due process rights, procedurally, for reasons including, but not limited to, (1) failing to notify and/or inform Plaintiff of the details and circumstances of any complaints, prior to the revocation of Plaintiff's Security Clearance; (2) failing to afford Plaintiff any opportunity to rebut the purported allegations; (3) failing to afford a meaningful opportunity to be heard prior to the revocation of Plaintiff's Security Clearance; and (4) failing to afford a meaningful opportunity to be heard subsequent to the revocation of Plaintiff's Security Clearance.

47. By reason of the wrongful actions of Defendant Ashcraft and/or John Doe Defendants as aforesaid, Plaintiff has suffered, and continues to suffer, severe damages as aforesaid.

48. The above-stated actions, and/or inactions, and/or failure to act, by Defendant Ashcraft and/or John Doe Defendants was of such malice, wantonness and/or willfulness and of such an extreme nature, which for the good of society and as a warning to individuals ought to be punished by an award of punitive damages to Plaintiff.

49. Defendant Ashcraft and/or John Doe Defendants conduct requires deterrence and punishment over and above that provided by an award of compensatory damages to Plaintiff.

WHEREFORE, Plaintiff requests judgment against Defendant Ashcraft and John Doe Defendants including, but not limited to, compensatory damages, and/or equitable relief including a hearing regarding the merits of Defendant's decision to revoke Plaintiff's security clearance and/or to clear Plaintiff's name, statutory interest, attorney's fees, and such further relief as the Court deems just and proper.

**Count IV – Deprivation of Rights, Violation of Regulations and/or Procedures**
**(Plaintiff v. Defendant Ashcraft and John Doe Defendants)**

50. Plaintiff repeats, realleges and incorporates by reference herein each and every allegation herein pleaded.

51. Upon information and belief, Defendant DEA maintains regulations and procedures concerning the procedure with respect to the revocation of DEA Sensitive security clearances.

52. Upon information and belief, Defendant Ashcraft and John Doe Defendants failed to follow any of its regulations and/or procedures with respect to the revocation of Plaintiff's DEA Sensitive security clearance, which deprived Plaintiff of her constitutional due process rights, procedurally, for reasons including, but not limited to, (1) failing to notify and/or inform Plaintiff of the details and circumstances of any complaints, prior to the revocation of Plaintiff's Security Clearance; (2) failing to afford Plaintiff any opportunity to rebut the purported allegations; (3) failing to afford a meaningful opportunity to be heard prior to the revocation of Plaintiff's Security Clearance; and (4) failing to afford a meaningful opportunity to be heard subsequent to the revocation of Plaintiff's Security Clearance.

53. By reason of the wrongful actions of Defendant Ashcraft and John Doe Defendants as aforesaid, Plaintiff has suffered, and continues to suffer, severe damages as aforesaid.

54. The above-stated actions, and/or inactions, and/or failure to act, by Defendant Ashcraft and John Doe Defendants was of such malice, wantonness and/or willfulness and of such an extreme nature, which for the good of society and as a warning to individuals ought to be punished by an award of punitive damages to Plaintiff.

55. Defendant Ashcraft and John Doe Defendants conduct requires deterrence and punishment over and above that provided by an award of compensatory damages to Plaintiff.

WHEREFORE, Plaintiff requests judgment against Defendant Ashcraft and John Doe Defendants including, but not limited to, compensatory damages, and/or equitable relief including a hearing regarding the merits of Defendant's decision to revoke Plaintiff's security clearance and/or to clear Plaintiff's name, statutory interest, attorney's fees, and such further relief as the Court deems just and proper.

**<u>Count V - Intentional Infliction of Emotional Distress</u>**
**(Plaintiff v. All Defendants)**

56. Plaintiff repeats, realleges and incorporates by reference herein each and every allegation herein pleaded.

57. Defendants knew or should have known that their actions including, but not limited to, revoking Plaintiff's Security Clearance would likely result in damage to her present and future employment, health and reputation.

58. Defendants acted recklessly, willfully and wantonly, in deliberate disregard of a high degree of probability that Plaintiff would suffer emotional distress after having her Security Clearance revoked and being dismissed from her livelihood as an Asset Forfeiture Specialist.

59. Defendants' conduct was extreme and outrageous.

60. As a direct and proximate cause of the wrongful acts of Defendants, Plaintiff has suffered severe emotional distress, humiliation, mental anguish, physical manifestations, and other physical damages.

61. The above-stated actions, and/or inactions, and/or failure to act, by Defendants were of such malice, wantonness and/or willfulness and of such an extreme nature, which for the good of society and as a warning to individuals ought to be punished by an award of punitive damages to Plaintiff.

62. Defendants' conduct requires deterrence and punishment over and above that provided by an award of compensatory damages to Plaintiff.

WHEREFORE, Plaintiff requests judgment against Defendants including, but not limited to, compensatory damages, statutory interest, attorney's fees, and such further relief as the Court deems just and proper.

**Count VI– Negligent Infliction of Emotional Distress**
**(Plaintiff v. All Defendants)**

63. Plaintiff repeats, realleges and incorporates by reference herein each and every allegation herein pleaded.

64. Defendants acted negligently, by among other things, failing to adequately investigate the allegations against Plaintiff, revoking Plaintiff's Security Clearance, and failing to provide Plaintiff with notice and an opportunity to be heard with respect to revoking her Security Clearance.

65. As a result of Defendants' negligence, Plaintiff has suffered severe emotional distress, humiliation, mental anguish, physical manifestations, and other physical damages.

66. The above-stated actions, and/or inactions, and/or failure to act, by Defendants were of such malice, wantonness and/or willfulness and of such an extreme nature, which for the good of society and as a warning to individuals ought to be punished by an award of punitive damages to Plaintiff.

67. Defendants' conduct requires deterrence and punishment over and above that provided by an award of compensatory damages to Plaintiff.

WHEREFORE, Plaintiff requests judgment against Defendants but not limited to, compensatory damages, statutory interest, attorney's fees, and such further relief as the Court deems just and proper.

**COUNT VII - Tortious Interference with Contractual Relations**
**(Plaintiff v. Defendant Ashcraft and John Doe Defendants)**

68. Plaintiff repeats, realleges and incorporates by reference herein each and every allegation herein pleaded.

69. Plaintiff enjoyed a contract of employment with FSA.

70. Defendant Ashcraft and/or John Doe Defendants knew, or should have known, of said contractual relationship.

71. The intentional and/or negligent acts of Defendant Ashcraft and/or John Doe Defendants, including, but not limited to, revoking Plaintiff's Security Clearance, were a direct and proximate cause of Plaintiff's resulting damages, including, but not limited to, Plaintiff's loss of her livelihood and emotional distress.

72. Defendant Ashcraft and/or John Doe Defendants actions were not privileged or justified.

WHEREFORE, Plaintiff prays for judgment against Defendants on each and every Count in Plaintiff's Complaint;

1. Monetary damages and compensatory damages for any and all injuries sustained by Plaintiff;

2. Punitive damages against Defendants;

3. Any and all equitable relief deemed meet and just by this Honorable Court, including, but not limited to a hearing regarding the merits of Defendant's decision to revoke Plaintiff's security clearance and/or to clear Plaintiff's name;

4. Such alternative or additional relief as this Court deems just and proper; and

5. Attorneys' fees and costs and pre-judgment and post-judgment interest as allowed by law.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

Respectfully submitted,
Plaintiff,
By Her Attorneys,

/s/ Jeffrey D. Sowa
Jeffrey D. Sowa, Esquire #5764
**LaPlante Sowa Goldman**
West Exchange Center
67 Cedar Street
Providence, RI 02903
(401) 273-0200 (telephone)
(401) 273-0250 (facsimile)

Dated: February 12, 2008