UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BRENDA BAILLARGEON | : | |
| | : | |
| v. | : | C.A. No. 07-271S |
| | : | |
| DRUG ENFORCEMENT | : | |
| ADMINISTRATION, et. al. | : | |

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter is presently before the Court on a Motion for Judgment on the Pleadings (Document No. 38) (the "Motion") filed by Defendant Susan D. Ashcraft.  Defendant Ashcraft, an official of the U.S. Drug Enforcement Administration ("DEA"), seeks dismissal of Count III pursuant to Fed. R. Civ. P. 12(c) on the basis of qualified immunity.  Plaintiff Brenda Baillargeon ("Plaintiff") filed a timely Objection to Defendant's Motion.  (Document No. 40).  Defendant filed a Reply to the Objection.  (Document No. 42).

The Motion has been referred to me for preliminary review, findings and recommended disposition.  See 28 U.S.C. § 636(b)(1)(B); LR Cv 72.  A hearing was held on October 29, 2009.  After reviewing the parties' memoranda, listening to the arguments of counsel and considering relevant legal research, I recommend that Defendant Ashcraft's Motion for Judgment on the Pleadings (Document No. 38) be DENIED.

### Facts

On or about October 1, 2004, Plaintiff was hired by Forfeiture Support Associates ("FSA"), to work as an Asset Forfeiture Specialist. (Document No. 13, ¶ 15).  Pursuant to a contract entered into between FSA and the DEA, Plaintiff was assigned by FSA, her employer, to work at the DEA's

Warwick, Rhode Island location.  Id. ¶ 16.  As a condition of her employment as an Asset Forfeiture Specialist, Plaintiff was required to obtain a "DEA Sensitive" security clearance.  Id. ¶ 17.  Plaintiff was granted such a clearance by the DEA.  Id. ¶ 18.

On or about February 4, 2005, Plaintiff's security clearance was revoked by the DEA.  Id. ¶ 19.  Plaintiff was not afforded notice or a hearing concerning the reasons for her clearance being terminated.  Id. ¶ 20.  Because her security clearance was revoked, Plaintiff was no longer eligible to work for FSA at the DEA's Warwick office as an Asset Forfeiture Specialist, and her employment with FSA was terminated.  Id. ¶ 21.  FSA did not offer comparable employment to Plaintiff, and she alleges that she has been unable to secure other employment in the field of asset forfeiture.  Id. ¶ 21.

Plaintiff filed a six-count Amended Complaint alleging that her constitutional right to due process was violated by the revocation of her security clearance (Counts I, II, III and IV) and that the Defendants' actions constituted negligent and intentional infliction of emotional distress (Counts V and VI).  Defendants included the DEA, the United States of America and three people in their individual capacity: Susan D. Ashcraft, Chief of the Asset Forfeiture Section of the DEA and two John Doe Defendants.  Id. ¶¶ 4-6.  Defendants moved to Dismiss Plaintiff's Complaint in its entirety on April 4, 2008.  (Document No. 21).  After briefing and argument, I issued a decision recommending that Plaintiff's Complaint be dismissed.  (Document No. 30).  Following Plaintiff's Objection and a hearing on the matter, District Judge Smith issued a Memorandum and Order accepting some of my recommendations, and rejecting others.  (Document No. 36).  Specifically, Judge Smith found that Plaintiff has a "potentially viable constitutional claim for the deprivation of her right to follow her chosen profession" without procedural due process.  Id., pp. 17-18.  Accordingly, Judge Smith permitted Counts I and III of Plaintiff's Complaint to proceed.  As the

case presently stands, Count I is a claim for injunctive relief against the DEA, and Count III is a Bivens claim for money damages against Defendant Ashcraft in her individual capacity.

The present Motion concerns only Count III which is Plaintiff's claim that DEA employee Susan Ashcraft denied Plaintiff her right to procedural due process in connection with the revocation of her DEA security clearance which deprived her of her right to follow in her chosen profession. Defendant Ashcraft contends she is entitled to qualified immunity with respect to Count III.

**Standard of Review**

A motion under Fed. R. Civ. P. 12(c) will "ordinarily warrant the same treatment" as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Collier v. City of Chicopee, 158 F.3d 601, 602 (1st Cir. 1998). See also Asociacion De Subscripcion Conjunta del Seguro de Responsabilidad Obligatorio v. Flores Galarza, 484 F.3d 1, 22-23 (1st Cir. 2007). That treatment includes accepting all allegations in the complaint as true and drawing all reasonable inferences in favor of the non-movant. See Rockwell v. Cape Cod Hosp., 26 F.3d 254, 255 (1st Cir. 1994).

**Discussion**

Counts III alleges a claim pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), against Susan Ashcraft, DEA's Chief of Operations Management of the Asset Forfeiture Section. Defendant Ashcraft now moves for judgment on the pleadings as to that count, alleging that qualified immunity shields her from liability. Specifically, Ashcraft contends that she is entitled to qualified immunity because Plaintiff's right to due process in connection with the revocation of her security clearance was not "clearly established," and because her conduct was objectively reasonable. (See Document No. 38).

The doctrine of qualified immunity is intended to provide public officials with an immunity from suit, not merely a defense to liability. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Thus, the question of whether an official is entitled to qualified immunity should be resolved at the earliest possible stage of litigation. Hunter v. Bryant, 502 U.S. 224, 227 (1991). Qualified immunity is an affirmative defense. Thus, the Government official bears the burden of proof. Id. at 228. However, courts have also held that a plaintiff must rebut a qualified immunity assertion by presenting evidence to demonstrate that the official violated a constitutional right that was clearly established. See Davis v. Scherer, 468 U.S. 183, 197 (1984); Borges Colon v. Roman-Abreu, 438 F.3d 1, 18 (1st Cir. 2006); Rivera Rodriguez v. Beninato 469 F.3d 1, 5 n.3 (1st Cir. 2006) (citation omitted) ("[a]fter a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff, and the plaintiff must first establish that the defendant's actions violated a constitutional or statutory right").

In its analysis of qualified immunity claims, the First Circuit Court of Appeals historically referred to the qualified immunity test as a three-part test. Recently, however, the First Circuit clarified that the test set forth by the Supreme Court and adopted by it is actually a two-step test. See Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir. 2009) ("... we now adopt the Court's two-part test and abandon our previous usage of a three-step analysis"). The substance of the two-part test, however, is identical to the three-step test, thus the only practical change is to the "nomenclature and steps." Id.

The two-step analysis considers, "(1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right; and (2) if so, whether the right was 'clearly established' at the time of the defendant's alleged violation." Id. The "clearly established" step of this analysis involves two elements. The first looks at the "clarity of the law at the time of the

alleged civil rights violation." Id. The second focuses on the "facts of the particular case and whether a reasonable defendant would have understood his conduct violated the plaintiffs' constitutional rights." Id. The First Circuit noted that "the salient question is whether the state of the law at the time of the alleged violation gave the defendant fair warning that his particular conduct was unconstitutional." Id.

For purposes of the present Motion, Ashcraft does not, and cannot as a practical matter given Judge Smith's ruling on her 12(b)(6) Motion, rely upon the first step of the test to establish qualified immunity and concedes that Plaintiff's Amended Complaint states a viable constitutional claim. Thus, the Court presumes that the facts plead by Plaintiff sufficiently allege the deprivation of an actual constitutional right. Accordingly, the Court turns to the second step of the test and considers both elements of that inquiry. The first element considers the clarity of the law at the time of the alleged violation. Ashcraft contends that the law concerning Plaintiff's right to due process in connection with the termination of her security clearance was not clearly established at the time of the incident, thus she is entitled to qualified immunity. Ashcraft attempts to highlight an ambiguity in the law by pointing out that I reached one conclusion based on my review of the cases, while Judge Smith reached another conclusion. Specifically, Ashcraft argues that my Report and Recommendation (Document No. 30) which concluded that Plaintiff had not stated a constitutional violation "demonstrate[s] that whether or not an employee has a due process right in connection with the termination of her security clearance is not clearly established." (Document No. 38 at 3). Ashcraft's argument is unconvincing.

In his Memorandum and Order, Judge Smith partially rejected my recommendation as to Count III and found the cases relied upon by me, particularly Dorfmont v. Brown, 913 F.2d 1399,

1403 (9th Cir. 1990), to be substantively distinguishable.  In other words, Judge Smith found the law to be clear and supportive of at least one of Plaintiff's constitutional theories.  His conclusion is now the law of this case.  Judge Smith found that <u>Kartseva v. Dep't of State</u>, 37 F.3d 1524 (D.C. Cir. 1994), was "more directly on point" with the facts of this case.  (Document No. 36 at 11).  Judge Smith cited <u>Kartseva</u>'s reasoning that if Plaintiff can "show that [the revocation of her security clearance] precludes her from profession...she will have identified a cognizable liberty interest." <u>Id.</u> at 13 (<u>citing</u> <u>Kartseva</u>, 37 F.3d at 1529).  Further, Judge Smith's Memorandum and Order cited several other analogous cases to support his conclusion.  <u>Id.</u>  On the basis of Judge Smith's Memorandum and Order, as well as the cases cited therein, I conclude that Plaintiff's right to due process in connection with the revocation of her security clearance was clearly established at the time of the alleged revocation.

The second element focuses on whether a reasonable defendant would have understood that his conduct violated plaintiff's rights.  The First Circuit has instructed that this element "focuses more concretely on the facts of the particular case." <u>Maldonado</u>, 568 F.3d at 269.  However, because Defendant Ashcraft has moved on the pleadings under Fed. R. Civ. P. 12(c), the only "facts" under consideration are those set forth in the pleadings.  <u>See</u> <u>Tavares De Almeida v. Children's Museum</u>, 28 F. Supp. 2d 682, 685 (D. Mass. 1998) <u>citing</u> 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (2d ed. 1987) (Rule 12(c) is "a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings").  Here, Plaintiff's Amended Complaint simply states in a conclusory fashion that (1) Plaintiff's security clearance was revoked; (2) she was not afforded due process, <u>i.e.</u>, notice and an opportunity to be heard; and (3) the revocation resulted both in the

termination of her employment and in her inability to procure other employment in the field. (Document No. 13, ¶¶ 19-21).  Defendant Ashcraft argues that "[n]o objectively reasonable official in [her] position could conclude that her actions were improper" and that her "decision to have plaintiff removed for cause from the DEA's Warwick field office and the resulting termination of plaintiff's clearance to access DEA facilities and sensitive materials were reasonable and exactly the type of actions that qualified immunity is intended to shield."  (Document No. 38 at 7-8).  She does not, however, cite any support in the record for her description of her "actions" and her description conflicts with the "facts" alleged in Plaintiff's Amended Complaint which are controlling in the context of this Rule 12(c) motion.[1]

Based on the limited state of the record at this time, there is not sufficient information before the Court about Ashcraft's conduct to assess the second prong of the test.  In other words, "whether the state of the law at the time of the alleged violation gave the defendant fair warning that [her] particular conduct was unconstitutional."  Maldonado, 568 F.3d at 269 (citing Hope v. Pelzer, 536 U.S. 730, 741 (2002) (emphasis added)).  Only through discovery will the parties and the Court learn about Ashcraft's "particular conduct," i.e., what Ashcraft did or did not do with respect to the revocation of Plaintiff's security clearance and why.[2]  The facts at the center of this case are not yet

---

[1] The parties' dispute over the facts presents a classic "chicken or egg" causality question.  Plaintiff's Amended Complaint alleges that the revocation of her security clearance resulted in the loss of her job; while Defendants contend that Plaintiff lost her job for cause, i.e., "time and attendance issues," and her security clearance was revoked because she lost her job. (Document No. 21-2, Aff. of Susan Ashcraft submitted in support of Defendants' prior challenge to subject matter jurisdiction; see also Document No. 21 at 6, n.1).

[2] In her Objection, Plaintiff alleged that Ashcraft's conduct violated 32 C.F.R. § 155. (Document No. 40-2 at 5).  At the hearing, Plaintiff's counsel conceded that it was "unclear" whether that Section applied, but that Judge Smith brought the C.F.R. Section to counsel's attention and that they would need to conduct discovery to determine if it did apply.  Because I

developed, and those same facts are crucial to the Court's assessment of the objectively reasonable element of the qualified immunity test.  Accordingly, based on the limited record, I am not presently in a position to recommend whether or not Ashcraft is entitled to qualified immunity because her actions were objectively reasonable.  For this reason, I recommend that the instant Motion be DENIED but without prejudice to Defendant Ashcraft renewing her request for qualified immunity on a more fully developed record.

**Conclusion**

For the reasons discussed above, I recommend that Defendant Ashcraft's Motion for Judgment on the Pleadings (Document No. 38) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 3, 2009

---

conclude that the record does not permit the Court to adequately assess each aspect of the qualified immunity test at this time, I do not reach the question of whether Plaintiff's allegations invoke 32 C.F.R. § 155.