UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
- - - - - - - - - - - - - - - - - - -
BRENDA BAILLARGEON,              )
                                )
        Plaintiff,              )
                                )
    vs.                         )    C.A. No. 07-271 S
                                )
DRUG ENFORCEMENT ADMINISTRATION,)
SUSAN D. ASHCRAFT, in her       )
individual capacity,            )
THE UNITED STATES OF AMERICA,   )
JOHN DOE II, in his individual  )
capacity, and JOHN DOE III, in  )
his individual capacity,        )
                                )
        Defendants.             )
- - - - - - - - - - - - - - - - - - -
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, United States District Judge.

This matter is before the Court on Defendant Susan D. Ashcraft's objection to the Report and Recommendation of Magistrate Judge Almond, which recommends the denial of Ashcraft's Motion for Judgment on the Pleadings. Ashcraft sought to have Plaintiff's claims against her dismissed, pursuant to Fed. R. Civ. P. 12(c), on the basis of her qualified immunity. For reasons explained herein, the Court rejects the Report and Recommendation and holds that Ashcraft is entitled to qualified immunity.

Plaintiff worked for approximately five months as an Asset Forfeiture Specialist in the Warwick, Rhode Island, office of a Virginia-based private government contractor under contract with the United States Drug Enforcement Administration ("DEA"). As a

condition of her job, Plaintiff needed, and received, a security clearance authorizing her access to sensitive but unclassified materials.   In February 2005, Plaintiff's security clearance was revoked at the request of the DEA and she was terminated from her employment.

Plaintiff filed a seven-count complaint alleging that the DEA and its employees and agents violated the constitution, and other federal and state laws, when the revocation of her security clearance resulted in the termination of her employment.   According to her Amended Complaint, Plaintiff was provided with no notice as to the basis of the DEA's decision and she had no opportunity to be heard on the merits of the revocation.   She was not offered any alternative employment and has since been unable to find any work in the field of asset forfeiture.

Defendants filed a Fed. R. Civ. P. 12 (b)(6) motion to dismiss the Amended Complaint, which was the subject of earlier Report and Recommendation by Judge Almond.[1]   While Judge Almond recommended the dismissal of Plaintiff's Complaint in its entirety, this Court, on review, determined that Plaintiff had set forth a colorable constitutional claim of government deprivation of her right to follow her chosen profession.[2]   Consequently, two counts of

---

[1] "R&R I" may be found at 2008 WL 6609843 (D.R.I. 2008).

[2] This Court's earlier opinion may be found at <u>Baillargeon v. Drug Enforcement Admin.</u>, 638 F. Supp. 2d 235 (D.R.I. 2009).

Plaintiff's Complaint survived the motion to dismiss, at least in part. Count I, against the DEA, was pared down to a single theory: the right to pursue one's chosen profession; and this Court held that the Plaintiff may seek injunctive relief only, due to the limitations imposed by the government's sovereign immunity. The Court also permitted Count III to go forward in part. Allegations against two John Does were dismissed, based on the Court's lack of personal jurisdiction over them. However, a <u>Bivens</u>[3] claim survived against Defendant Susan Ashcraft, DEA's Chief of Operations Management of the Asset Forfeiture Section. This claim alleged that, when Ashcraft revoked Plaintiff's security clearance with no process, Plaintiff was deprived of her constitutionally-protected liberty right to pursue her chosen profession. <u>Baillargeon v. Drug Enforcement Admin.</u>, 638 F. Supp. 2d 235, 243 (D.R.I. 2009). Ashcraft responded with a Motion for Judgment on the Pleadings, seeking dismissal of Count III based on her qualified immunity as a government official. Judge Almond recommended the denial of her motion in a second R&R ("R&R II"). Ashcraft's objection followed and is the matter presently before this Court.

I.   Standard of Review

Defendant's motion for judgment on the pleadings is a dispositive motion and therefore receives a <u>de novo</u> review by this

---

[3] <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

Court, in accordance with Fed. R. Civ. P. 72(b)(3).  In analyzing a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), a court must accept the plausible allegations of the non-movant as true, and draw reasonable inferences in his (or her) favor.  Ashcroft v. Iqbal, ___ U.S. __, 129 S. Ct. 1937, 1949 (2009).

II.  Qualified immunity

Ashcraft argues that the doctrine of qualified immunity shields her from Plaintiff's claims.  Qualified, or good faith, immunity is an affirmative defense that protects government officials performing discretionary functions from civil liability unless they know or should have known that their conduct violates the constitution.  Wilson v. Layne, 526 U.S. 603, 609 (1999); Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982).

In Estrada v. State of Rhode Island, No. 09-1149, slip op. (1st Cir. Feb. 4, 2010), the First Circuit relied on qualified immunity to dismiss allegations against a state trooper in connection with a traffic stop that plaintiffs claimed was motivated by racial animus.  The First Circuit set forth the test for qualified immunity as follows:

> To determine whether a particular officer is entitled to qualified immunity, a court must decide: (1) whether the facts alleged or shown by the Plaintiff make out a violation of a constitutional right; and (2) if so, whether the right was clearly established at the time of the defendant's alleged violation.
> The second step has two aspects: (1) the clarity of the law at the time of the alleged civil rights violation

-4-

and (2) whether, on the facts of the case, a reasonable defendant would have understood that his conduct violated the Plaintiffs' constitutional rights.

Estrada, slip op. at 12, see also Walden v. City of Providence, No. 08-1534, slip op.(1st Cir. Feb. 23, 2010).

    A.   R&R II

In R&R II, Judge Almond analyzed Ashcraft's qualified immunity motion according to a similar framework, based on an earlier First Circuit decision (also relied upon by the Estrada court), Maldonado v. Fontanes, 568 F. 3d 263 (1st Cir. 2009).  In accordance with this Court's earlier ruling, Judge Almond determined that the first prong of the qualified immunity test was satisfied – that Plaintiff had made out a viable constitutional claim that Ashcraft had interfered with her right to pursue her chosen profession by revoking her security clearance with no due process.  (R&R II at 5.)  In analyzing the first component of the second prong of the qualified immunity test, Judge Almond again deferred to this Court's earlier conclusions when he determined that the law was clear that Plaintiff was entitled to due process in connection with the revocation of her security clearance.  (R&R II at 6.)  However, Judge Almond suggested that there was insufficient information with which to analyze the second component of the second prong, that is, whether or not Ashcraft knew, or reasonably should have known, that her actions were unconstitutional.  (R&R II at 7.)  Consequently, Judge Almond recommended that Ashcraft's motion be denied without

-5-

prejudice, leaving open the possibility that she might renew her motion for qualified immunity on a more fully developed factual record.  (R&R II at 8.)

B.   Ashcraft's Objection

In her objection, Ashcraft disputes Judge Almond's conclusion as to the 'clearly-established right' prong of the qualified immunity test.  Ashcraft concedes that this Court in its earlier ruling concluded that Plaintiff had made out a colorable constitutional claim.  However, she argues, the existence of a potential constitutional claim is not the same as a 'clearly established right.'  To observe the lack of clarity, Ashcraft continues, one needs to look no further than Judge Almond's first R & R, which concluded that there is no constitutional right to a security clearance, and this Court's first opinion, which concluded that there is indeed such a right.  To bolster her argument, Ashcraft cites several cases supporting the 'no constitutional right to a security clearance' side of the dispute.  This Court concludes that Ashcraft is correct.  While the Court holds fast to its determination that Plaintiff pled a colorable constitutional claim in Count III of her Amended Complaint, the right on which she relies is not sufficiently clear to defeat Ashcraft's bid for qualified immunity.

C.   Analysis

In its earlier decision, this Court relied on <u>Greene v. McElroy</u>, 360 U.S. 474, 492 (1959), which held that the right to follow one's chosen profession was a constitutionally-protected liberty interest. This case was followed by <u>Kartseva v. Dep't of State</u>, 37 F.3d 1524 (D.C. Cir. 1994), which held that the revocation of a security clearance interfered with that interest. However, this Court noted, and distinguished, another line of cases, starting with <u>Dep't of the Navy v. Egan</u>, 484 U.S. 518 (1988), and continuing through the case relied upon by Judge Almond, <u>Dorfmont v. Brown</u>, 913 F.2d 1399 (9th Cir. 1990), which held that there is no constitutional right to a security clearance. Squaring these decisions is no easy task.

Ashcraft has directed the Court's attention to an unpublished decision with similarities to the present case, <u>Critchfield v. Datatrac Info. Servs., Inc., et al.</u>, No. 02-1456, slip op. (E.D. Va. Jan. 27, 2003), <u>aff'd</u>, 82 Fed. Appx. 821 (4th Cir. 2003). Critchfield was hired by Datatrac to work on a government contract for the DEA. The position required that she obtain a security clearance. However, her application for the clearance was denied by the DEA because of some information she provided in her application. She was then fired by Datatrac. Critchfield sued the DEA, alleging that it deprived her of her liberty interest by denying her the security clearance. Slip op. at 5.

-7-

In analyzing Critchfield's claim, the Court stated, "[I]t is well settled that an individual has no liberty interest in receiving a security clearance." Id. at 5.   The Court dismissed Critchfield's argument that cases, such as Dep't of the Navy v. Egan and its progeny, are distinguishable from her case because they involved matters of national security rather than the lesser security issues at stake with a DEA security clearance.   "In fact, neither the Supreme Court nor this Circuit have provided any basis or reason to indicate that a distinctions (sic) should be made between national security clearance and any other security clearance for purposes of deciding whether a liberty interest is protected."   Id. at 6.   The Court also reflected upon the difficulty of reconciling Egan with Greene v. McElroy, and, in a footnote, suggested that, with the Supreme Court's decision in Egan, "it appears as though the Court has effectively eviscerated the holding in Greene that an individual has a protected fifth amendment right to a security clearance." Id. at 6, n.2.

Whether Critchfield is correct or not is not the point; the Court provides this synopsis in order to demonstrate the extent to which reasonable federal district court judges can differ on this difficult issue. Given the variation of outcomes in these facially similar cases, it cannot be said that Plaintiff has identified a 'clearly-established' right.

In <u>Wilson v. Layne</u>, 526 U.S. 603 (1999), the Supreme Court held that it was unconstitutional for the police to allow a newspaper reporter and photographer to accompany them on their authorized search of plaintiffs' house.   However, the Court also concluded that the officers must be granted qualified immunity because the Fourth Amendment directive to prohibit media observers from joining the police when they execute an arrest warrant at a suspect's home was not clearly established at the time of the search.   526 U.S. at 615.   The Court explained:

> 'Clearly established' for purposes of qualified immunity means that the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.   This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

526 U.S. at 614-15 (internal quotations omitted).   Moreover, the First Circuit has recently stated in <u>Walden v. City of Providence</u>, that the analysis of the right must be focused, "in light of the specific context of the case, not as a broad general proposition." Slip op. at 27 (internal quotations omitted).

In the present case, the Court concludes that Plaintiff's right to the security clearance was insufficiently clear, "in the light of pre-existing law," to expect a reasonable government official working in the field of DEA operations management, such as Ashcraft, to understand that her actions could violate that right.

Consequently, this Court holds that Defendant Ashcraft is entitled to qualified immunity from liability in connection with Count III of Plaintiff's Amended Complaint.

III. Conclusion

For the reasons stated above, the Court rejects R & R II, and grants Defendant Ashcraft's Motion for Judgment on the Pleadings. Count III is now dismissed in its entirety. Only Count I of Plaintiff's Amended Complaint remains, with the limitations delineated in this Court's earlier decision at 638 F. Supp. 2d at 244.

No judgments shall enter in this case until all claims are resolved.

It is so ordered.


/s/ William E. Smith
William E. Smith
United States District Judge
Dated: April 12, 2010